**JOHN VINCENT SAYKANIC, ESQ.**

**New Jersey Office**
624 Grove Street
Clifton, New Jersey 07013
Tel: (973) 472-5863
Fax: (973) 614-0386

**New York Office**
5 West 37th Street, 12th Floor
New York City, NY 10018
Tel: (212) 439-4863
Fax: (212) 716-1219

**New York Office**
10 Esquire Rd, Suite 10
New City, NY 10956
Tel: (212) 439-4863
Fax: (212) 716-1219

E-Mail:johnvincentesq@aol.com • Website: www.Saykaniclaw.com

October 17, 2024

VIA ECF
The Honorable Susan D. Wigenton, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *United States v. Manzo, 24-CR-194 (SDW)*

Dear Judge Wigenton:

  I have been retained, together with co-counsel Anthony DiPietro and Brendan White, to represent Defendant Thomas Manzo on appeal of his judgment of conviction in the above-referenced case.

  In the interest of ensuring the completeness of the record in this Court, please find attached a copy of the defense request to charge with respect to VICAR, previously submitted to the Court on Thursday, May 23, 2024, as noted on trial transcript page 1246. The proposed instructions were inadvertently not filed by ECF, but will be relevant to the anticipated appeal.

  Please let me know if the Court requires any additional information.

  Thank you for your consideration of this matter.

Very truly yours,

/s/ John Vincent Saykanic, Esq.

JVS/ms
Encl.
cc: Government Counsel and Defense Trial Counsel (via ECF)
  (with enclosures)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

UNITED STATES OF AMERICA

Hon. Susan D. Wigenton
Crim. No. 24-194(SDW)

v.

THOMAS MANZO

    Defendant

-------------------------------------------------------X

DEFENDANT'S REQUESTS TO CHARGE

1. We have no objections to Charges 1 through 32.

2. As to Charges 33 (Accomplice Liability) and 34 ("Pinkerton" Liability), the model criminal jury instructions for the Third Circuit indicate that these charges, under the section of "additional bases for criminal responsibility," should be given after the charges for the substantive offenses to which they relate. Accordingly, we ask that they be given after the Charge on Violent Crime In Aid of Racketeering.

3. As to Charge 43, Violent Crimes In Aid of Racketeering, the Government's proposed charge is legally incorrect.

4. The requested charge for Count One, Violent Crime In Aid of Racketeering, is set forth below:

<u>COUNT ONE-VIOLENT CRIME IN AID OF RACKETEERING</u>

The defendant is charged in Count One with committing a crime of violence, specifically the crime of assault with a dangerous weapon under the law of the State of New Jersey, as I will describe it to you, in aid of a racketeering enterprise, specifically the Lucchese Crime Family.

Count One of the Indictment alleges as follows: From at least as early as in or around January 2015 through in or about August 31, 2015, in Passaic County, in the District of New Jersey and elsewhere, the defendant together with John Perna and Lorenzo Tripodi and others known and unknown, aiding and abetting each other, for the purpose of maintaining and increasing position in the Lucchese

2

Crime Family, an enterprise engaged in racketeering activity, did knowingly and

intentionally assault David Cantin with a dangerous weapon, contrary to the laws

of the State of New Jersey, as I will define for you.

In order for the defendant to be guilty of the crime charged in Count One, the

Government must prove the following elements beyond a reasonable doubt:

A) That during the time period alleged, an enterprise affecting intersate commerce

existed;

B) That enterprise engaged in racketeering activity;

C) The defendant committed the crime of violence of Assault With A Dangerous

Weapon as defined under the laws of the State of New Jersey; and

D) The defendant's purpose in committing Assault With A Dangerous Weapon

was to gain entrance to, or to maintain, or to increase his position in the enterprise,

or to intentionally and purposely aid another person in doing so.

5. The Government's proposal of having both Count 1 and Count 2 in the same

instruction (Instruction 43) is also in error. Accordingly, the Court should give

the jury a separate instruction for Count Two that is specific to the charged

Conspiracy in Count Two. The Government's proposed instruction ignores

the fact that Count Two charges two violent crimes – Assault with a

Dangerous Weapon and Assault Resulting In Serious Bodily Injury – whereas

Count One charges only one – Assault with a Dangerous Weapon. For this

reason alone, Count Two requires its own instruction.

3

6. The requested charge for Count Two is as follows:

## COUNT TWO-CONSPIRACY TO COMMIT VIOLENT CRIME IN AID

## OF RACKETEERING

The defendant is charged in Count Two with committing two crimes of violence, specifically the crime of assault with a dangerous weapon and the crime of assault resulting in serious physical injury, both under the law of the State of New Jersey, as I will describe it to you, in aid of a racketeering enterprise, specifically the Lucchese Crime Family.

Count Two of the Indictment alleges as follows: From at least as early as in or around January 2015 through in or about August 31, 2015, in Passaic County, in the District of New Jersey and elsewhere, the defendant together with John Perna and Lorenzo Tripodi and others known and unknown, for the purpose of maintaining and increasing position in the Lucchese Crime Family, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to: (1) assault David Cantin with a dangerous weapon, and (2) assault David Cantin with a dangerous instrument, both contrary to the laws of the State of New Jersey, as I will define for you.

In order for the defendant to be guilty of the crime charged in Count One, the Government must prove the following elements beyond a reasonable doubt:

A) That during the time period alleged, an enterprise affecting interstate commerce existed;

4

B) That enterprise engaged in racketeering activity;

C) The defendant conspired with others to commit the crime of Assault With A Dangerous Weapon or Assault Resulting In Serious Bodily Injury, as defined under the laws of the State of New Jersey; and

D) The defendant's purpose in conspiring to commit these crimes was so that he, or another person, would gain entrance to, or to maintain, or to increase his position in the enterprise.

7. Instructions 35 – 42, all related to conspiracy, should go after the Court's Instruction on Conspiracy as part of Count Two above.

8. As to the Government's Proposed Charge 44, we have no objection to the definition of Enterprise (page 75), or to the description of Enterprise Engaged in Racketeering Activity (page 78). We do object to the definition of Violent Crime (page 79) for several reasons. First, it does not reflect that the fact that Counts 1 and 2 charge different violent crimes, as noted above. Count One charges assault with a dangerous instrument whereas Count Two charges both assault with a dangerous weapon and assault resulting in bodily injury.

9. We also object to the definition of "purpose to gain entrance to and maintain and increase position in the enterprise." By this point, the Court has already charged the jury on aiding and abetting and does not need to do so again. Nor should it do so again. The Government commits a clearly reversible error time and again in these instructions by asking the Court to instruct the jury that it is

5

the intent of Perna and Tripodi, and not of the defendant on trial, that
determines the defendant's guilt. There is plainly no pattern instruction that
even remotely permits a jury to convict a defendant based on the intent of
someone else, and the Court should not follow the Government's mistaken
lead on this topic. We accordingly object to the Government's charge on pages
80 through 82 and ask that they be removed from the charge entirely.

10. As for the Court's charge concerning the two New Jersey statutes charged
under the VICAR counts, we propose the following:

Counts One and Two charge Violent Crimes In Aid Of Racketeering by alleging
that the violent crimes committed were violations of the laws of the State of New
Jersey. Accordingly, I will charge you on the two New Jersey laws that are alleged
to be violated as part of Counts One and Two.

Counts One and Two charge that the Assault in Aid of Racketeering was contrary
to N.J.S.A. 2C:12-1(b)(2), specifically the crime of Aggravated Assault. The
proposed charge for violating this statute is attached as Exhibit A (The official
charge for a violation of NJSA 2C:12-1b(2)).

Count Two charges two New Jersey crimes. Aggravated assault which I just
defined to you. And, Assault resulting in serious bodily injury, contrary to N.J.S.A.
2C:12-1(b)(1). (the official charge for a violation of NJSA:12-1b(1) is attached as
Exhibit B.

6

11. We ask the Court for the ability to supplement these requests at a charging

conference at the close of the evidence.

Respectfully,

Marc Agnifilo
Zach Intrater
Agnifilo Intrater
445 Park Avenue, 7th floor
New York, N.q 1

EXHIBIT A

Revised 11/3/08

## AGGRAVATED ASSAULT - BODILY INJURY WITH DEADLY WEAPON
## (PURPOSELY OR KNOWINGLY)
## (N.J.S.A. 2C:12-1b(2))

Count _____ of the indictment charges defendant with aggravated assault in that he/she allegedly

### (Read appropriate count of Indictment)

Defendant is accused of violating a section of our law that reads as follows:

> A person is guilty of aggravated assault if he attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

Under this statute, the defendant can be found guilty if he/she EITHER caused bodily injury to another with a deadly weapon OR attempted to cause bodily injury to another with a deadly weapon.

To find the defendant guilty of causing bodily injury to another with a deadly weapon, the State must prove beyond a reasonable doubt the following elements:

1.    that the defendant caused bodily injury to another; and

2.    that the defendant caused the bodily injury by use of a deadly weapon; and

3.    that the defendant acted purposely or knowingly.

The first element that the State must prove beyond a reasonable doubt is that defendant caused bodily injury to another.

Bodily injury is defined as physical pain, illness, or any impairment of the physical condition of another.[1]

---

[1]    N.J.S.A. 2C:11-1a.

**Aggravated Assault-Bodily Injury**
**With Deadly Weapon**
**(Purposely or Knowingly)**
**(N.J.S.A. 2C:12-1b(1))**

The second element that the State must prove beyond a reasonable doubt is that the defendant caused the bodily injury by use of a deadly weapon.

Causation has a special meaning under the law. To establish causation, the State must prove two elements, each beyond a reasonable doubt:

First, that but for the defendant's conduct, (name of victim) would not have sustained bodily injury.

Second, that the bodily injury sustained by (name of victim) was within the design or contemplation of the defendant. If not, it must involve the same kind of injury or harm as that designed or contemplated, and must also not be too remote, too accidental in its occurrence or too dependent on another's volitional act to have a just bearing on the defendant's liability or on the gravity of his offense. In other words, the State must prove beyond a reasonable doubt that the bodily injury sustained by (name of victim) was not so unexpected or unusual that it would be unjust to find the defendant guilty of aggravated assault.

A deadly weapon is any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury. Serious bodily injury means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

The third element that the State must prove beyond a reasonable doubt is that the defendant acted purposely or knowingly.

**Aggravated Assault-Bodily Injury**
**With Deadly Weapon**
**(Purposely or Knowingly)**
**(N.J.S.A. 2C:12-1b(1))**

A person acts purposely with respect to the nature of his/her conduct or a result thereof if it is his/her conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he/she is aware of the existence of such circumstances or he/she believes or hopes that they exist. "With purpose," "designed," "with design," or equivalent terms have the same meaning.

A person acts knowingly with respect to the nature of his/her conduct or the attendant circumstances if he/she is aware that his/her conduct is of that nature, or that such circumstances exist or the person is aware of a high probability of their existence. A person acts knowingly with respect to a result of the conduct if he/she is aware that it is practically certain that his/her conduct will cause such a result. "Knowing," "with knowledge," or equivalent terms have the same meaning.

Purpose and knowledge are conditions of the mind that cannot be seen and that can be determined only from inferences from conduct, words or acts. It is not necessary for the State to produce a witness to testify that the defendant stated that he/she acted with a particular state of mind. It is within your power to find that proof of purpose or knowledge has been furnished beyond a reasonable doubt by inferences that may arise from the nature of the acts and circumstances surrounding the conduct in question.

### [CHARGE WHERE APPROPRIATE]

[When the actual victim was one other than the intended victim, add:

It is immaterial that (name the victim) was or was not the intended victim.]

**Aggravated Assault-Bodily Injury**
**With Deadly Weapon**
**(Purposely or Knowingly)**
**(N.J.S.A. 2C:12-1b(1))**

### [CHARGE IN ALL CASES]

If you find that the State has proved each element beyond a reasonable doubt, then you must find defendant guilty. If you find that the State has failed to prove any element beyond a reasonable doubt, then you must find defendant not guilty of the charge of aggravated assault by causing bodily injury with a deadly weapon.[2]

As I previously instructed you, the defendant can be found guilty if he/she EITHER caused bodily injury to another with a deadly weapon OR attempted to cause bodily injury to another with a deadly weapon. If you find beyond a reasonable doubt that defendant attempted to cause bodily injury to another with a deadly weapon, it does not matter whether such injury actually resulted.

The law provides that a person is guilty of attempt if, acting purposefully, he/she:

### (select appropriate section)

1.    Engaged in conduct that would constitute the offense if the attendant circumstances were as a reasonable person would believe them to be;

### (or)

2.    Did (or omitted to do) anything with the purpose of causing bodily injury to another with a deadly weapon without further conduct on his/her part. This means that the defendant(s) did something designed to cause bodily injury to

---

[2]    Where appropriate, charge the lesser included offense of simple assault. See Model Charge for N.J.S.A. 2C:12-1a(2).

Page 4 of 6

**Aggravated Assault-Bodily Injury**
**With Deadly Weapon**
**(Purposely or Knowingly)**
**(N.J.S.A. 2C:12-1b(1))**

another with a deadly weapon without having to take any further action.

**(or)**

3.      Did (or omitted to do) anything that, under the circumstances as a reasonable person would believe them to be, was an act (or omission) constituting a substantial step in a course of conduct planned to culminate in his/her commission of the crime. The step taken must be one that is strongly corroborative of the defendant's criminal purpose. The accused must be shown to have had a firmness of criminal purpose in light of the step(s) he/she had already taken. These preparatory steps must be substantial and not just very remote preparatory acts.[3]

Bodily injury is defined as physical pain, illness, or any impairment of the physical condition of another.

A deadly weapon is any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury. Serious bodily injury means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

A person acts purposely with respect to the nature of his/her conduct or a result thereof if it is the person's conscious object to engage in conduct of that nature or to cause such a result. A

---

[3]      State v. Fornino, 223 N.J. Super. 531, 538 (App. Div. 1988), certif. den., 111 N.J. 570 (1988); cert. den., 488 U.S. 859, 109 S.Ct. 152, 102 L.Ed. 2d 123 (1988).

**Aggravated Assault-Bodily Injury**
**With Deadly Weapon**
**(Purposely or Knowingly)**
**(N.J.S.A. 2C:12-1b(1))**

person acts purposely if he/she acts with design, with a specific intent, with a particular object or purpose or if he/she means to do what he/she does (e.g., "I did it on purpose").

If you find that the State has proved beyond a reasonable doubt that the defendant attempted to cause bodily injury to another with a deadly weapon, then you must find defendant guilty.

If you find that the State has failed to prove beyond a reasonable doubt that the defendant attempted to cause bodily injury to another with a deadly weapon, then you must find defendant not guilty.

EXHIBIT B

Revised 1/9/12

## AGGRAVATED ASSAULT - SERIOUS BODILY INJURY
### N.J.S.A. 2C:12-1b(1)

In Count _____ of the indictment, the defendant(s) is (are) charged with the crime

of aggravated assault in that (he/she/they) allegedly on _____ in the _____
                                             (Date)                        (Municipality)

### (READ PERTINENT LANGUAGE OF INDICTMENT)

The defendant(s) is (are) accused of violating a section of our State statutes that reads as

follows:

> A person is guilty of aggravated assault if he . . . (a)ttempts to
> cause serious bodily injury to another, or causes such injury
> purposely or knowingly or under circumstances manifesting
> extreme indifference to the value of human life recklessly causes
> such injury.

Under this statute, the defendant(s) can be found guilty if (he/she/they) EITHER caused

serious bodily injury to another OR attempted to cause serious bodily injury to another.

To find the defendant(s) guilty of aggravated assault for causing serious bodily injury to

another, the State must prove beyond a reasonable doubt each of the following elements:

1. That the defendant(s) caused serious bodily injury to another; and

2. That the defendant(s) acted purposely or knowingly or acted recklessly under
circumstances manifesting extreme indifference to the value of human life.

The first element that the State must prove beyond a reasonable doubt is that the
defendant(s) caused serious bodily injury to another.

Serious bodily injury means bodily injury which creates a substantial risk of death or
which causes serious permanent disfigurement, or protracted loss or impairment of the function
of any bodily member or organ.

The second element that the State must prove beyond a reasonable doubt is that the
defendant(s) acted purposely or knowingly or acted recklessly under circumstances manifesting

**AGGRAVATED ASSAULT -**
**SERIOUS BODILY INJURY**
**N.J.S.A. 2C:12-1b(1)**

extreme indifference to the value of human life.

A person acts purposely with respect to the result of his/her conduct if it is his/her conscious object to cause such a result. A person acts purposely if he/she acts with design, with a specific intent, with a particular object or purpose, or if he/she means to do what he/she does (e.g., "I did it on purpose").

A person acts knowingly with respect to the result of his/her conduct if he/she is aware that it is practically certain that his/her conduct will cause such a result.

A person acts recklessly with respect to the result of his/her conduct if he/she consciously disregards a substantial and unjustifiable risk that the result will occur from his/her conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. One is said to act recklessly if one acts with recklessness, with scorn for the consequences, heedlessly, fool-hardily.

The phrase "under circumstances manifesting extreme indifference to the value of human life" does not focus on the state of mind of the actor, but rather on the circumstances under which you find that he/she acted. If, in light of all the evidence, you find that the conduct of the defendant(s) resulted in a probability as opposed to a mere possibility of serious bodily injury, then you may find that (he/she/they) acted under circumstances manifesting extreme indifference to the value of human life.[1]

---

[1]    In State v. Curtis, 195 N.J. Super. 354, 364-65 (App. Div. 1984), certif. den., 99 N.J. 212 (1984), the Court found, in the context of aggravated manslaughter, that the difference between recklessness under circumstances manifesting extreme indifference to human life and mere recklessness is the difference between the probability as opposed to the possibility that a certain result will occur. The Supreme Court endorsed Curtis in State v. Breakiron, 108 N.J. 591, 605 (1987). The case law has applied the Curtis probability standard to the aggravated-assault statute. State v. Scher, 278 N.J. Super. 249, 272 (App. Div. 1994), certif. den., 140 N.J. 276 (1995); State v. Oriole, 243 N.J. Super. 688, 693 (Law Div. 1990). Please note that in the aggravated-assault statute the Legislature has used the term "extreme indifference to the value of human life" while the aggravated-manslaughter statute speaks in terms of "extreme indifference to human life." Therefore, the indifference referred to in the aggravated-assault statute would appear not to relate to whether the victim lives or dies but rather to the value of the victim's life.

**AGGRAVATED ASSAULT -**
**SERIOUS BODILY INJURY**
**N.J.S.A. 2C:12-1b(1)**

In determining whether the defendant(s) acted purposely or knowingly or acted recklessly under circumstances manifesting extreme indifference to the value of human life, you may consider the nature of the act(s) itself(themselves) and the severity of the resulting injury (injuries).

**(NOTE:** When the actual victim is one other than the intended victim, the jury should be instructed that it is immaterial that the actual victim was not the intended victim).

If you find that the State has proved each element beyond a reasonable doubt, then you must find the defendant(s) guilty. All jurors do not have to agree unanimously concerning which form of serious bodily injury aggravated assault is present so long as all believe that it was one form of serious bodily injury or the other. However, for a defendant to be guilty of serious bodily injury aggravated assault, all jurors must agree that the defendant either knowingly or purposely or recklessly under circumstances manifesting extreme indifference to the value of human life caused serious bodily injury to **(insert victim's name)**.

If you find that the State has failed to prove any element beyond a reasonable doubt, then you must find the defendant(s) not guilty of the charge of aggravated assault in that (he/she/they) caused serious bodily injury to another.

As I previously instructed you, the defendant(s) can be found guilty if (he/she/they) EITHER caused serious bodily injury to another OR attempted to cause serious bodily injury to another.

To find the defendant(s) guilty of attempting to cause serious bodily injury to another, the State must prove beyond a reasonable doubt that the defendant(s) purposely[2] attempted to cause serious bodily injury to another. If you find beyond a reasonable doubt that the defendant(s) attempted to cause serious bodily injury, it does not matter whether such injury actually resulted.

---

[2]     When a person actually causes serious bodily injury, it does not matter whether his mental state is purposeful, knowing or reckless (under circumstances manifesting extreme indifference to the value of human life). When, however, the person attempts to cause, but does not cause, serious bodily injury, he must act purposefully. Cf. State v. McAllister, 211 N.J. Super. 355, 362 (App. Div. 1986).

**AGGRAVATED ASSAULT -**
**SERIOUS BODILY INJURY**
**N.J.S.A. 2C:12-1b(1)**

The law provides that a person is guilty of attempt if, acting purposefully, he/she:

**(select appropriate section)**

1. Engaged in conduct that would constitute the offense if the attendant circumstances were as a reasonable person would believe them to be;

**(or)**

2. Did (or omitted to do) anything with the purpose of causing serious bodily injury to another without further conduct on his/her part. This means that the defendant(s) did something designed to cause serious bodily injury without having to take any further action.

**(or)**

3. Did (or omitted to do) anything that, under the circumstances as a reasonable person would believe them to be, was an act (or omission) constituting as substantial step in a course of conduct planned to culminate in his/her commission of the crime. The step taken must be one that is strongly corroborative of the defendant's criminal purpose. The accused must be shown to have had a firmness of criminal purpose in light of the step(s) he/she had already taken. These preparatory steps must be substantial and not just very remote preparatory acts.[3]

Serious bodily injury means bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

A person acts purposely with respect to the result of his/her conduct if it is his/her conscious object to cause such a result. A person acts purposely if he/she acts with design, with a specific intent, with a particular object or purpose, or if he/she means to do what he/she does (e.g., "I did it on purpose").

If you find that the State has proved beyond a reasonable doubt that the defendant(s)

---

[3]     State v. Fornino, 223 N.J. 531, 538 (App. Div. 1988), certif, den., 111 N.J. 570 (1988); cert. den., 488 U.S. 859, 109 S.Ct. 152, 102 L.Ed. 2d 123 (1988).

**AGGRAVATED ASSAULT -**
**SERIOUS BODILY INJURY**
**N.J.S.A. 2C:12-1b(1)**

attempted to cause serious bodily injury to another, then you must find the defendant(s) guilty.[4]

    If you find that the State has failed to prove beyond a reasonable doubt that the defendant(s) attempted to cause serious bodily injury to another, then you must find the defendant(s) not guilty.[5]

---

[4]    Where appropriate, renunciation should be charged. N.J.S.A. 2C:5-1(d).

[5]    In second degree aggravated assault cases involving the use of a deadly weapon, it may be appropriate to instruct the jury on the following lesser offenses: third degree aggravated assault, N.J.S.A. 2C:12-1b(2); fourth degree aggravated assault, N.J.S.A. 2C:12-1b(3); and simple assault, N.J.S.A. 2C:12-1a(1) and (2). State v. Villar, 292 N.J. Super. 320, 326-330 (App. Div. 1996), rev'd. o.g., 150 N.J. 503, 517 n. 4 (1997). See also, State v. Sloane, 111 N.J. 293, 301 (1988). These offenses may be charged as lesser offenses even though third degree aggravated assault, fourth degree aggravated assault and a(2) disorderly persons simple assault contain an element (a deadly weapon) that is not an element of second degree aggravated assault. State v. Villar, supra; State v. Sloane, supra. When these lesser offenses are to be charged, the trial court and counsel should construct a sequence of the lesser offenses to be charged. State v. Villar, 150 N.J. at 517 n. 4.